## In the Matter of Eric S. HOOGLAND.

## No. 49S00–0011–DI–728.

Supreme Court of Indiana.

Dec. 21, 2001.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below.

**Facts:** The respondent neglected four cases, ignoring clients' calls and court deadlines and court orders. The respondent commingled his personal funds with client funds, failed to maintain proper trust account records, and converted client funds for his personal use. The respondent also made a knowing material misrepresentation in a frivolous case he filed.

**Agreed Violations:** The respondent violated Ind. Professional Conduct Rule 1.1, which requires lawyers provide competent representation; Prof.Cond.R. 1.2(a), which requires lawyers abide by a client's decisions; Prof.Cond.R. 1.3, which requires lawyers act with reasonable promptness and diligence; Prof.Cond.R. 1.4, which requires lawyers keep their clients reasonably informed; Prof.Cond.R. 1.15(a), which requires lawyers keep client funds separate from personal funds; Prof.Cond.R. 1.16(d), which requires lawyers to take reasonably practicable steps to protect client interests after representation; Prof. Cond.R. 3.2, which requires lawyers make reasonable efforts to expedite litigation; Prof.Cond.R. 3.3(a)(1), which prohibits law-

yers from knowingly making false statement of material fact or law to a tribunal; Prof.Cond.R. 8.4(b), which prohibits lawyers from committing criminal acts; Prof. Cond.R. 8.4(c), which prohibits lawyers from engaging in conduct prejudicial to the administration of justice; Admis.Disc.R. 23(29)(a)(2) and (3), which require lawyers to maintain and preserve specific records of all trust account transactions; and Admis.Disc.R. 23(29)(a)(4), which prohibits lawyers from commingling trust account funds with other funds of the lawyer.

**Discipline:** A suspension of at least one year and until such time as the respondent demonstrates his fitness to practice law by meeting the requirements of Admis.Disc.R. 23(4)(b).

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. The period of suspension shall begin January 23, 2002. Costs of this proceeding are assessed against the respondent.

The Clerk is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission; to the hearing officer; and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.